J-S23012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL ANGEL QUILES-LOPEZ | : | |
| | : | |
| Appellant | : | No. 1605 MDA 2021 |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0008160-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL A. QUILES | : | |
| | : | |
| Appellant | : | No. 1606 MDA 2021 |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0000151-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL A. QUILES | : | |
| | : | |
| Appellant | : | No. 1607 MDA 2021 |

Appeal from the Order Dated November 17, 2021
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001088-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

J-S23012-22

                                        :
        v.                              :
                                        :
                                        :
                                        :
   MIGUEL ANGEL QUILES-LOPEZ            :
                                        :
            Appellant                   :      No. 1608 MDA 2021

           Appeal from the Order Entered November 17, 2021
              In the Court of Common Pleas of York County
           Criminal Division at No:  CP-67-CR-0001244-2014


BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 30, 2022**

In these consolidated appeals,[1] Appellant, Miguel Angel Quiles-Lopez, appeals from the order entered in the Court of Common Pleas of York County on November 17, 2021, denying Appellant's "Motion for Sentence Order Modification of Sentence Status Activation."  Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We deny counsel's request to withdraw and remand for proceedings consistent with this memorandum.

The factual and procedural background of the instant appeal is not at issue.  The relevant background can be summarized as follows.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On February 28, 2022, this Court consolidated these appeals *sua sponte*. Order, 2/28/22.

- 2 -

On July 17, 2014, Appellant pled guilty to various charges arising out of four criminal cases. On the same day, the trial court imposed an aggregate sentence of 27 months to 140 months' incarceration. No direct appeal was filed.

On May 4, 2015, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his appellate rights. After appointment of counsel, the PCRA court, on September 29, 2015, granted the PCRA petition, reinstating post-sentence rights and appeal rights. As a result, Appellant filed a motion for reconsideration of his sentence, which the trial court denied. **See** Trial Court Opinion, 4/19/17, at 2.

Following the filing of a timely notice of appeal from the judgment of sentence, counsel for Appellant filed a petition for extension of time to file a brief, which this Court granted on June 2, 2017, setting June 29, 2017, as the deadline to file Appellant's brief. Counsel, however, failed to do so, which led to the dismissal of the appeal, as per our Order entered on July 31, 2017. **See** Order, 306 MDA 2017, 7/31/17, at 1. Our Order stated, *inter alia*, that "counsel **SHALL** file a certification with this [C]ourt within 10 days of the date of this order, stating that the client has been notified of the entry of this order." **Id.** (emphasis in original). The record does not show any certification from counsel, despite being ordered to do so by this Court.

On January 1, 2019, Appellant filed a *pro se* motion to modify his sentence. The Commonwealth filed a response to the motion on February 7, 2019, and the trial court denied the motion.[2]

On November 4, 2021, Appellant filed a second *pro se* motion to modify his sentence, which the trial court denied on November 17, 2021. Appellant timely filed a *pro se* notice of appeal from that order.

On December 8, 2021, the trial court issued an order directing Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) within 21 days of the order. Appellant failed to do so.

In its Pa.R.A.P. 1925(a) opinion the trial court noted that the appeal should be dismissed because Appellant failed to comply with the trial court's December 8, 2021, order.

By order of February 28, 2022, we remanded to the trial court to determine whether Appellant was eligible for court-appointed counsel and, if so, to appoint counsel.[3] By order of March 15, 2022, the trial court appointed appellate counsel (*i.e.*, current counsel) for Appellant.

_____

[2] The 2019 filing is not at issue here; however, for the reasons explained below in connection with the 2021 *pro se* filing, it appears the trial court erred in not treating it as a PCRA petition.

[3] While it is not specifically stated in the order, the remand was based on the trial court's failure to treat Appellant's 2021 *pro se* motion as Appellant's first PCRA petition. **See** Order, 2/28/22.

On May 26, 2022, counsel for Appellant filed an **Anders** Brief noting, in essence, that the trial court properly dismissed the motion to modify Appellant's sentence as untimely. On the same day, counsel for Appellant filed a petition to withdraw as counsel.

On July 7, 2022, Appellant filed a "motion for leave of court to file contestation to counsel's 'no-merit' letter." In his motion for leave, Appellant disagreed with counsel's assessment, rehashing his reasons why he was entitled to relief on the underlying filing.

Before we address the merits of this challenge, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**.

Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must

> file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

**Commonwealth v. Tukhi**, 149 A.3d 881, 885-86 (Pa. Super. 2016) (citation omitted).

In **Santiago**, our Supreme Court addressed the contents of an **Anders** brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

We start our review by examining the petition to withdraw as counsel. Counsel stated that he "has made a conscientious examination of the record in this appeal, and after reviewing the record, undersigned counsel has concluded appeal of any issue in this matter would be wholly frivolous." **Anders** Brief at 7. Yet, we find counsel failed to identify serious issues with the instant appeal.

The lower court failed to recognize that a challenge to a judgment of sentence after the expiration of the time to file a direct appeal to this Court can be generally done only through a PCRA petition. The plain language of the PCRA provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Certainly, it cannot

be done through a motion for modification of sentence. ***See***, ***e.g.***, ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) ("all motions filed after a judgment of sentence is final are to be construed as PCRA petitions") (citation omitted); ***Commonwealth v. Evans***, 866 A.2d 442, 442-44 (Pa. Super. 2005) (where defendant's motion for modification of sentence was filed after conclusion of 10-day post-sentence and 30-day appeal filing periods, motion was properly treated as PCRA petition).

This error led to another one. The lower court also failed to recognize that the 2021 *pro se* filing, which, as noted, should have been treated as a PCRA petition, was in fact Appellant's *first* PCRA petition.[4] Rule 904(C) of the Rules of Criminal Procedure requires in no uncertain terms that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge *shall* appoint counsel to represent the defendant on the defendant's first petition for post-conviction

---

[4] In 2015, Appellant filed a PCRA petition to have his appellate rights to file a direct appeal reinstated. The petition was granted. It is well established that a PCRA petition filed after a defendant has been granted PCRA relief is treated as a first PCRA petition for timeliness purposes. ***See***, ***e.g***., ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013) (explaining that when a PCRA petitioner is granted relief on his first petition, a subsequent petition will be considered a first petition for timeliness purposes).

In 2019, Appellant, again, filed a *pro se* motion for modification of sentence, which the trial court denied it, treating it as an untimely motion and without appointing counsel to Appellant.

Thus, the *pro se* filing at issue here, filed in 2021, is in fact Appellant's "first" PCRA petition. As such, Appellant was entitled to the appointment of counsel.

collateral relief." Pa.R.Crim.P. 904(C) (emphasis added); *see also*

***Commonwealth v. Smith***, 818 A.2d 494, 501 (Pa. 2003) (holding indigent

defendant is entitled to counsel for first PCRA petition, even if it is untimely);

***Commonwealth v. Stossell***, 17 A.3d 1286, 1288 (Pa. Super. 2011) ("Even

though his petition was facially untimely, Stossel was still entitled to

representation as this was his first PCRA petition and he indicated that he was

unable to afford counsel); ***Commonwealth v. Kutnyak***, 781 A.2d 1259,

1262 (Pa. Super. 2001) (appellant is entitled to representation of counsel on

first PCRA petition "despite any apparent untimeliness of the petition or the

apparent non-cognizability of the claims presented").

Current counsel for Appellant not only failed to recognize and bring to

our attention the trial court's errors but compounded them with his own.

Current counsel failed to appreciate that first appointing counsel while the

matter is before us is not enough to vindicate Appellant's rights.[5] Indeed, it

is well established that Appellant cannot raise on appeal issues that were not

timely and properly raised below, which, compounded with the multiple errors

made below, render the instant appeal essentially meaningless to Appellant.

---

[5] *See **Commonwealth v. Robinson***, 970 A.2d 455, 458-59 (Pa. Super. 2009) ("a [petitioner's] first petition, where the rule-based right to counsel unconditionally attaches, may well be the [petitioner's] sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.").

Because counsel failed to recognize that the 2021 *pro se* filing should have been treated as a PCRA petition, and that Appellant was entitled to counsel in connection with that filing, we cannot conclude, as counsel for Appellant did here, that the instant appeal is "wholly frivolous."[6] Accordingly, we deny counsel's petition to withdraw.

Additionally, we vacate the trial court's order giving rise to the instant appeal, and remand for further proceedings.[7] The PCRA court shall allow for current counsel to discuss with Appellant the status of the matter and Appellant's options.[8] Upon consultation, counsel shall file either an amended

_____

[6] We note also that we can raise *sua sponte* the trial court's failure to appoint counsel in connection with Appellant's first PCRA petition or conduct a hearing in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). **See, e.g., Commonwealth v. Betts**, 240 A.3d 616, 621 (Pa. Super. 2020) ("where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake.").

[7] Remand to the trial court is meant to put Appellant in the same position he was in prior to the breakdown in the court process when the trial court failed to recognize that the *pro se* motion to modify his sentence filed on November 4, 2021, was in fact Appellant's first PCRA petition. **See**, **e.g., Commonwealth v. Andress**, 2021 WL 2769846, at *3 (Pa. Super. July 1, 2021).

[8] The timeliness of the *pro se* 2021 filing (*i.e.*, Appellant's first PCRA petition) is not at issue here, and we express no opinion on the matter. Similarly, we take no position regarding the viability of a challenge to the discretionary aspects of Appellant's sentence in the PCRA context. Matters pertaining to the timeliness and the nature of the challenge are between Appellant and his counsel.

first PCRA petition or a **Turner**/**Finley**[9] letter within forty-five (45) days of this memorandum.

Counsel's petition to withdraw denied. Order vacated. Remanded to the trial court for proceedings consistent with this memorandum. Jurisdiction relinquished.[10]

Judge Colins joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2022

---

[9] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[10] Appellant's motion for leave is denied as moot.